## (June 14, 1972)

■ In the Matter of STANLEY E. KOOPER et al., Appellants, v. CAROL BELLAMY et al., Respondents.— In a proceeding to validate petitions *inter alia* designating respondent Carol Bellamy as a candidate in the Democratic Party Primary Election to be held on June 20, 1972 for the public office of Member of the State Senate for the 23rd Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, entered June 13, 1972, which, *inter alia,* validated the designating petitions of said respondent and various other specified candidates for public office and party positions. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Latham, Gulotta and Benjamin, JJ., concur.

■ In the Matter of SARAH S. VASQUEZ et al., Respondents, v. MARVIN KESSLER, Appellant, et al., Respondents. In the Matter of MARVIN KESSLER et al., Appellants, v. WILLIAM F. LARKIN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— These are two consolidated proceedings with respect to petitions *inter alia* designating appellant as a candidate in the Democratic Party Primary Election to be held on June 20, 1972 for the public office of Member of Assembly for the 51st Assembly District and for the party position of Member of the State Committee for said Assembly District. The first above-entitled proceeding was to invalidate said designating petitions and the second above-entitled proceeding was to validate them. The appeal is from a judgment of the Supreme Court, Kings County, entered June 14, 1972, which denied the proceeding to validate and granted the proceeding to invalidate. Judgment reversed, on the law and facts, without costs, petition to validate the designating petitions granted and petition to invalidate said petitions denied, except that, on stipulation in the trial minutes, the designating petitions are invalidated insofar as they designate eight candidates for the position of Delegate to the Democratic Judicial Convention, Second Judicial District, from the 51st Assembly District. In our opinion, the defects in the designating petition and the pages in issue were not such in number or quality that it could be deemed so permeated with fraud, or otherwise defective, as to be adjudicated invalid. Rabin, P. J., Munder, Lathm, Gulotta and Benjamin, JJ., concur.